UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DENNIS R. COSTELL, et al.,

           Plaintiffs,                            Case No. 12-cv-15063
                                                HON. BERNARD A. FRIEDMAN

vs.

THE BANK OF NEW YORK MELLON
AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWHEQ, INC. HOME
EQUITY LOAN ASSET BACKED
CERTIFICATE SERIES 2006-S1, et al.,

           Defendants.
_____/


**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

**I.**     **Introduction and Facts**

       Spouses Dennis and Christina Costell ("plaintiffs") initially commenced this action in

Michigan state circuit court against the Bank of New York Mellon ("BNYM"), Mortgage

Electronic Registration Systems, Inc. ("MERS") and several unnamed defendants (collectively

"defendants") seeking to invalidate the foreclosure sale of their home and, in effect, quiet title.

Plaintiffs alleged that BNYM improperly caused the property to be sold at a defective

foreclosure sale.  Defendants timely removed the matter to the United States District Court for

the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Before the

Court is defendants' motion to dismiss the complaint [docket entry 4].  Plaintiff filed a response

[docket entry 9] and defendants filed a reply [docket entry 10].  The Court will rule on

defendants' motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

On November 28, 2005, plaintiffs executed a mortgage loan with Home Loan Center, Inc., doing business as Lending Tree Loans ("Lending Tree"), in the amount of $213,000. Def. Exh. 1, 2.  The mortgage was secured by plaintiffs' property located at 1512 Plank Road in Dundee, Michigan.  By its terms, the mortgage appointed MERS as mortgagee acting "solely as a nominee for [Lending Tree] and [Lending Tree's] successors and assigns" and conveyed the power of sale to both MERS and its "successors and assigns." Def. Exh. 1 at 3.  The mortgage was recorded with the Monroe County Register of Deeds on December 14, 2005. Def. Exh. 1 at 1.  Thereafter, MERS assigned its interest in the mortgage to BAC Home Loans Servicing, L.P. ("BAC").  Def. Exh. 3.  The assignment was recorded in the Monroe County Register of Deeds on July 13, 2010. Id.

On January 21, 2006, plaintiffs executed a second mortgage loan with Countrywide Home Loans, Inc. in the amount of $35,000. Def. Exh. 4, 5.  This second mortgage was recorded with the Monroe County Register of Deeds on February 6, 2006. Id.  BNYM is the current creditor under the second mortgage note. Compl. Exh. E.

The parties do not dispute that plaintiffs eventually defaulted on their loan payments and, by July 2010, plaintiffs jointly filed a voluntary petition for Chapter 7 bankruptcy in the Untied States Bankruptcy Court for the Eastern District of Michigan. Def. Exh. 6.  Included with their petition, plaintiffs submitted a "Schedule D" form entitled "Creditors Holding Secured Claims." Def. Exh. 7 at 10.  The schedule listed both plaintiffs' first and second mortgages as secured debts. Id.  BAC then moved the bankruptcy court for relief from the automatic stay of any foreclosure proceedings on the first mortgage loan. Def. Exh. 8.  In support of its motion, BAC

asserted that "direct payments are not being remitted and the loan is currently nine (9) months in default, due and owing for November 1, 2009." Id. at 1. Plaintiffs did not contest the motion, Def. Exh. 9, and the bankruptcy court granted relief from the automatic stay by order dated August 3, 2010. Def. Exh. 10.

Approximately two years later, Bank of America ("BOA"), as successor by merger to BAC, commenced foreclosure proceedings on the first mortgage by advertisement. Def. Exh. 11. BOA purchased the property at a sheriff's sale for $241,674.64 and subsequently conveyed its interest in the property to the Federal National Mortgage Association. Id.; Def. Exh. 12. Although plaintiffs had until November 24, 2012 to redeem the property pursuant to Mich. Comp. Laws § 600.3240(8), they ultimately declined to do so. Instead, plaintiffs commenced the instant action in Monroe County Circuit Court without ever redeeming the property. Compl. at 1.

In their motion to dismiss, defendants argue that plaintiffs should be judicially estopped from challenging the validity of the first mortgage because they listed it as a secured claim in the bankruptcy proceeding to protect their home from unsecured creditors. Defendants maintain that plaintiffs lack standing to challenge the sheriff's sale because they failed to redeem their property within the statutory redemption period pursuant to Mich. Comp. Laws § 600.3240(8).[1] Regardless of plaintiffs' standing to bring suit, defendants assert that the complaint does not contain allegations of "fraud or irregularity" sufficient to annul the sheriff's sale. Defendants further contend that the complaint should be dismissed because plaintiffs mistakenly attributed

---

[1] In their brief, defendants originally phrased this argument in the future tense, noting that "Michigan law is clear that [plaintiffs] will lose standing to challenge the foreclosure on November 24, 2012, once the redemption period expires." This is due to the fact that defendants filed the instant motion three days prior to the expiration of the redemption period.

error to the assignment of the second mortgage rather than the first mortgage, which was the subject of the underlying foreclosure.

In response, plaintiffs counter that the assignment of the first mortgage from MERS to BAC is invalid because MERS violated its own rules by transferring "beneficial interests in mortgage loans." Plaintiffs argue that they should not be judicially estopped from attacking the validity of the first mortgage merely because they listed it as secured claim on their bankruptcy petition schedules. Plaintiffs also assert, in effect, that they tolled the redemption period because they filed the instant lawsuit prior to November 24, 2012. Finally, plaintiffs maintain that they have requisite standing to challenge the efficacy of the sheriff's sale.

## II.   <u>Standard of Review</u>

The legal standard for a Rule 12(b)(6) motion to dismiss requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." <u>S.E.C. v. Delphi Corp.</u>, No. 06-14891, 2008 U.S. Dist. LEXIS 78671, at *5-6 (E.D. Mich. Oct. 8, 2008) *citing* <u>Bovee v. Coopers & Lybrand C.P.A.</u>, 272 F.3d 356, 360 (6th Cir. 2001). A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-679 (2009). Instead, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Ctr. for Bio-Ethical Reform, Inc. v. Napolitano</u>, 648 F.3d 365, 369 (6th Cir. 2011) *quoting* <u>Iqbal</u>, 556 U.S. at 678. When evaluating the adequacy of the allegations contained in a complaint, the Court may consider "(1) documents referenced in the pleadings and

-4-

central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies." Meyer v. CitiMortgage, Inc., No. 11-13432, 2012 U.S. Dist. LEXIS 19548, at *6-7 (E.D. Mich. Feb. 16, 2012) *citing* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).  The Court reviewed several documents pertaining to the mortgage and the foreclosure sale since all of them "are referenced in the complaint and central to plaintiff's claims."  Meyer, 2012 U.S. Dist. LEXIS 19548, at *7.

## III.    Analysis

Plaintiffs lack standing to challenge the validity of the sheriff's sale because they failed to redeem their property within the six-month statutory redemption period under Mich. Comp. Laws § 600.3240(8).  "Foreclosure sales by advertisement are defined and regulated by statute." Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50 (1993); see Mich. Comp. Laws § 600.3201. Statutory authority also governs "the rights and obligations of the parties" after the foreclosure sale takes place. Dingman v. OneWest Bank, FSB, No. 11-15706, 2012 U.S. Dist. LEXIS 34668, at *9 (E.D. Mich. Mar. 14, 2012); see Mich. Comp. Laws §§ 600.3201-3285.  Mortgagors may redeem the affected property within a certain period of time following the foreclosure sale. Mich. Comp. Laws § 600.3240(1).  In this case, the redemption period for plaintiffs' home is six months. Mich. Comp. Laws § 600.3240(8).

Once the redemption period expires, "the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property," Dingman, 2012 LEXIS 34668, at *10 *quoting* Mich. Comp. Laws § 600.3236; see Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942), and the mortgagors lose all standing to challenge the foreclosure sale. See Awad v. General Motors Acceptance Corp., No. 302692, 2012 Mich. App. LEXIS 804, at *12 (Mich. Ct. App.

Apr. 24, 2012); <u>Overton v. Mortgage Electronic Registration Sys., Inc.</u>, No. 284950, 2009 Mich. App. LEXIS 1209, at * 1, 3-4 (Mich. Ct. App. May 28, 2009); <u>Mission of Love v. Evangelist Hutchinson Ministries</u>, No. 266219, 2007 Mich. App. LEXIS 988, at *14 (Mich. Ct. App. Apr. 12, 2007).

Plaintiffs do not dispute that they failed to redeem the property within the statutory redemption period.   Rather, plaintiffs assert that they preserved their right to challenge the sheriff's sale because they filed the instant action before the statutory redemption period expired on November 24, 2012.  This contention is unavailing. The commencement of legal proceedings prior to the expiration of the redemption period does not preserve a mortgagor's standing to challenge the foreclosure sale. <u>See</u> <u>e.g.</u> <u>Saxton v. Wells Fargo, N.A.</u>, No. 12-11670, 2012 U.S. Dist. LEXIS 116196, at *7-9 (E.D. Mich. Aug. 17, 2012); <u>Dingman</u>, 2012 LEXIS 34668, at *10-11; <u>Overton</u>, 2009 Mich. App. LEXIS 1209, at *1, 3-4; <u>Awad</u>, 2012 Mich. App. LEXIS 804, at *12.

Moreover, to the extent plaintiffs seek to annul the sheriff's sale on the grounds of fraud, irregularity "or some peculiar exigency," their argument is without merit. <u>See</u> <u>United States v. Garno</u>, 974 F. Supp. 628, 633 (E.D. Mich. 1997) *citing* <u>Detroit Trust Co. v. Agozzinio</u>, 280 Mich. 402, 405-406 (1937).  The allegations contained in plaintiffs' complaint totally miss the boat as they mistakenly attribute error to the assignment of the second mortgage and not the first mortgage, which was the subject of the underlying foreclosure.  This is particularly evident from the fact that plaintiffs named BNYM, the current creditor under the second mortgage loan, as a defendant in this action rather than BOA, the holder of the first mortgage and the entity that foreclosed on the property. <u>Def. Exh. 11</u>.

In any event, plaintiffs' claim is barred by the doctrine of judicial estoppel because "[d]uring the bankruptcy proceedings, plaintiff[s] did not challenge the security interests encumbering the property and did not dispute the right of any beneficiary, successor, [or] assign" under the first mortgage. <u>Rivera v. Recontrust Co., N.A.</u>, No. 11-01695, 2012 U.S. Dist. LEXIS 82309, at *6 (D. Nev. Jun. 14, 2012).

Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted.

Dated: January 28, 2013                    s/Bernard A. Friedman
                                           BERNARD A. FRIEDMAN
                                           SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 28, 2013, electronically or by U.S. mail.

                                           s/Michael Williams
                                           Relief Case Manager for the Honorable
                                           Bernard A. Friedman